UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANDY DENNISON KIMES | ) |
| | ) |
| v. | ) No. 2:24-CV-81 |
| | ) |
| UNITED STATES OF AMERICA | ) |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Andy Dennison Kimes's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1]. The Court has determined that the files and records in the case conclusively establish that Mr. Kimes is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons herein, the Court will deny Mr. Kimes's motion.

### I. BACKGROUND

In April 2023, Mr. Kimes pleaded guilty to one count of being a felon in possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g)(1). [2:22-CR-97-JRG-CRW-1, Plea Agreement, Doc. 17, at 1]. In January 2024, he was sentenced to 51 months' imprisonment and a term of three years of supervised release. [*Id*., Judgment, Doc. 46, at 2-3]. Mr. Kimes filed the instant motion challenging his sentence in May 2024.

### II. STANDARD OF REVIEW

Under § 2255, "a prisoner in custody under sentence of a federal court claiming the right to be released … may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that the "judgment was rendered without jurisdiction, or that the sentence imposed was not

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Id. § 2255(b). The legal standard that governs collateral review under § 2255 as opposed to direct review on appeal is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); see *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

A prisoner seeking relief under 28 U.S.C. § 2255 must show as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To obtain relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings". *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of the "rudimentary demands of fair procedure". *Reed v. Farley*, 512 U.S. 339, 354 (1994).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); see *Pough*, 442 F.3d at 964. Conclusory allegations alone, without supporting factual averments, are generally insufficient to demonstrate a valid claim under § 2255. *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013).

### III. ANALYSIS

Mr. Kimes argues that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* renders his conviction under 18 U.S.C. § 922(g)(1) unconstitutional because the government cannot prove that it comports with "historical traditions of firearm regulation." [Def. Mot., Doc 1, at 9, 32]. This argument fails for several reasons –Mr. Kimes waived his right to collaterally challenge his sentence through his plea agreement, his argument is procedurally defaulted for failure to bring it on direct appeal, and, ultimately, his argument is without merit.

1. <u>Mr. Kimes waived his right to collaterally attack his sentence through a § 2255 petition.</u>

A defendant may waive any right, including a constitutional right, through a plea agreement. *United States v. Fleming*, 239 F.3d 761 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). A defendant's waiver of a right through a plea agreement must be knowing and voluntary. *Id*.

Here, Mr. Kimes entered into a plea agreement in which he agreed that he "will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction or sentence". [2:22-CR-97-JRG-CRW-1, Plea Agreement, Doc. 17, at 9]. This waiver contains two exceptions, allowing Mr. Kimes to collaterally attack his sentence only as it relates to prosecutorial misconduct or ineffective assistance of counsel, neither of which Mr. Kimes asserts in his § 2255 petition. [*Id*.] Mr. Kimes was found to have knowingly, voluntarily, and "with full understanding of each of the rights waived" entered into his plea agreement. [2:22-CR-97-JRG-CRW-1, Report and Recommendations, Doc. 25, at 1]. Therefore, Mr. Kimes waived his right to file this § 2255 petition and his petition will be dismissed as a result.

2. <u>Mr. Kimes's argument is procedurally defaulted because he did not bring it on direct appeal.</u>

Sentencing challenges that are not made on direct appeal are typically waived can cannot be asserted for the first time in a § 2255 motion. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). A petitioner may obtain review of his claims if he is able to show cause to excuse his failure to bring the claim on appeal, prejudice resulting from said cause, or that he is "actually innocent". *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Mr. Kimes does not attempt to excuse his failure to bring his claim on appeal. However, inherent in his argument is that he would be "actually innocent" because the statute he was convicted under is unconstitutional. For reasons discussed below, Mr. Kimes's argument that 18 U.S.C. § 922(g)(1) is unconstitutional is without merit. Therefore, because he is not actually innocent and has not offered any excuse for his failure to bring this claim on appeal, his claim is procedurally defaulted, and his petition will be dismissed as a result.

3. <u>Mr. Kimes's argument that his conviction is unconstitutional is without merit.</u>

Mr. Smith asserts that *New York State Rifle and Pistol Ass'n, Inc. v. Bruen* renders 18 U.S.C. § 922(g)(1) unconstitutional. This Court, along with several others in this district, has addressed this very argument. In *Meacham v. United States*, this Court found that *Bruen* did not affect the constitutionality of § 922(g)(1) or any other felon in possession laws. *Meacham v. United States*, No. 2:22-CV-00149-JRG, 2025 WL 778168 (E.D. Tenn. Mar. 11, 2025). Further, considering the test set forth in *Bruen*, the Sixth Circuit has affirmed the constitutionality of § 922(g)(1) and emphasized that felon in possession laws ae presumptively

lawful. *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024). Therefore, 18 U.S.C. § 922(g)(1) is presumptively lawful and Mr. Kimes's argument is meritless. His § 2255 petition will be dismissed as a result.

### IV. CERTIFICATE OF APPEALABILITY

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Kimes to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To make this showing, Mr. Kimes must demonstrate that reasonable jurists would find the Court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not find that its dismissal of Mr. Kimes's claims is debatable or wrong. The Court therefore declines to issue a certificate of appealability to Mr. Kimes.

### V. CONCLUSION

As the petitioner under § 2255, Mr. Kimes fails to meet his burden of establishing that his conviction and sentence are in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1] is therefore **DENIED**. The Court will enter an order consistent with this opinion.

So Ordered.

ENTER:                            s/ J. RONNIE GREER
                                               UNITED STATES DISTRICT JUDGE